IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                                                                          Criminal No. **3:18CR88**

**ANTHONY R. WILSON, JR.,**

    Petitioner.

### MEMORANDUM OPINION

Anthony R. Wilson, Jr., a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 114). The Government has filed a Motion to Dismiss, asserting that Wilson's § 2255 Motion is barred by the statute of limitations. (ECF No. 116.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 309 (4th Cir. 1975), Wilson has not filed a response. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

### I.   PROCEDURAL HISTORY

On November 21, 2018, Wilson pled guilty to one count of robbery affecting commerce (Count Three) and brandishing a firearm in furtherance of crime of violence (Count Four). (ECF No. 46, at 1.)[1] On February 25, 2019, the Court entered judgment against Wilson and sentenced him to 324 months of incarceration. (ECF No. 78, at 2.) Wilson filed no appeal. On February 15, 2021, Wilson filed the instant § 2255 Motion. (ECF No. 114, at 12.)[2]

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations from Wilson's submissions.

[2] This is the date that Wilson indicates that he placed his § 2255 Motion in the prison mailing system. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

In his § 2255 Motion, Wilson raises the following claims for relief:

Claim One: "My lawyer failed to inform me about a direct appeal." (*Id.* at 4.)

Claim Two: "My lawyer fail[ed] to present me with a copy of my PSR. I asked for my motion of discovery also." (*Id.* at 5.)

Claim Three: "My lawyer didn't represent me to the best of his ability." (*Id.* at 6.)

Claim Four: "I am not a violent offender." (*Id.* at 7.)

As discussed below, Wilson's § 2255 Motion is untimely and will be dismissed.

## II. STATUTE OF LIMITATIONS ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Wilson did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, March 11, 2019, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P.

2

4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Wilson had until Wednesday, March 11, 2020, to file any motion under 28 U.S.C. § 2255. Because Wilson did not file his § 2255 Motion until February 15, 2021, nearly one year after that date, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Wilson demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

Wilson contends that his § 2255 Motion is timely because:

> My lawyer kept telling me I couldn't do anything once convicted. I was sentenced February 21, 2019. My lawyer hasn't been reachable during representing me. He hasn't been there at all after getting convicted. When I found out that I could still file a motion, I wrote the judge, the clerk, and tried to get my mom to call him. He never answered the phone. I'm in a state jail that hold[s] federal inmates. I'm doing state time. I don't have access to the things I really need. The COVID-19 made everything worse. Nobody was responding to my letters. I've been trying to get in contact with somebody for nearly two years.

(ECF No. 114, at 10.) The Court construes Wilson to argue that he is entitled to an equitable tolling of the limitation period.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added). As explained more fully below, Wilson's

3

arguments fail to demonstrate any extraordinary circumstance that prevented him from filing his § 2255 Motion in a timely fashion. Instead, the record shows that Wilson's lack of diligence, rather than the circumstances of his incarceration, led to the delay in filing his § 2255 Motion.

Wilson places the blame for his untimely filing almost entirely on his former attorney. However, Wilson's vague complaints that his attorney would not assist him or return his calls after he was convicted, without more, do not establish an extraordinary circumstance. *Cf. Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (explaining that "[i]neffective assistance of counsel generally does not warrant equitable tolling" (quoting *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002))).[3] Wilson's apparent lack of awareness that he could file a § 2255 motion also fails to excuse the untimeliness of his motion. Although Wilson, in essence, argues that he knew little of the law or filing deadlines, this fails to constitute and extraordinary circumstance. Rather, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted).

Moreover, although Wilson complains that his former attorney would not respond to him, Wilson fails to demonstrate that he pursued his rights during this time with respect to his § 2255 Motion, much less that he diligently pursued his rights. *Cf. Hardy v. O'Brien*, No. 3:09CV193-HEH, 2010 WL 724022, *3 (E.D. Va. Mar. 2, 2010) (explaining that a petitioner's "languid pursuit of his claims . . . precludes a finding of diligence" (citing *Pace*, 544 U.S. at 419)). Rather, merely attempting to contact his former attorney after his conviction became final, standing alone, fails to demonstrate that Wilson acted with the requisite diligence. *See Yang*, 525 F.3d at 929–30.

---

[3] Although Wilson seemingly suggests that his attorney appointed for his criminal proceedings still represented him with respect to any collateral challenge, that was not the case. Wilson "had no constitutional right to counsel in his federal habeas proceedings," and therefore, any purported error of counsel cannot be constitutionally ineffective." *Rouse*, 339 F.3d at 250 (citations omitted).

4

Additionally, to the extent that Wilson argues that he did not have access to his legal papers, he fails to demonstrate, as he must, that the lack of access to his legal papers prevented him from complying with the statute of limitations. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). On the facts alleged, Wilson fails to demonstrate an entitlement to equitable tolling.[4]

"Simply put, [Wilson] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Thus, Wilson fails to demonstrate entitlement to equitable tolling based on his lack of knowledge of the filing deadline for his § 2255 Motion.[5] Because the Court finds that Wilson's § 2255 Motion is untimely, the Government's Motion to Dismiss (ECF No. 50) will be GRANTED.

---

[4] Nor can COVID-19 and any resulting restrictions serve to excuse the untimeliness of Wilson's § 2255 Motion. To be timely, Wilson's § 2255 Motion was required to be filed by March 11, 2020, before Virginia experienced any major effects from COVID-19.

[5] Similarly, Wilson does not demonstrate a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4).

### III. CONCLUSION

The Motion to Dismiss (ECF No. 116) will be GRANTED, and Wilson's § 2255 Motion (ECF No. 114) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2 September 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge